UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRENDA B. WILDER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 21-2961 (UNA) |
| | : | |
| JOSEPH DAVID LAWHORN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's *pro se* complaint, which the Court finds deficient. First, the local rules of this Court require that a plaintiff proceeding "*pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party." LCvR 5.1(c)(1). Plaintiff does not provide addresses for defendants.

Second, the complaint does not meet the minimal pleading standard set forth in Federal Rule of Civil Procedure 8(a). A complaint must contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). Here, plaintiff alleges in conclusory fashion that defendants raped her. *See* Compl. at 4-5 (page numbers designated by CM/ECF). Missing are any factual allegations indicating when or where the alleged rape occurred, or any other allegations sufficient to put defendants on notice of the claims against them.

1

Third, the complaint does not establish adequately a basis for the Court's jurisdiction. Plaintiff asserts diversity jurisdiction, *see* Compl. at 3, which requires not only that "the matter in controversy exceed[] the sum or value of $75,000," but also that the parties are "citizens of different States," 28 U.S.C. § 1332(a). Plaintiff meets the first criterion, declaring that the value of the matter in controversy is $100,000. *See* Compl. at 3. If, as plaintiff suggests, *see id.*, defendants are District of Columbia residents, she fails to demonstrate that the parties are citizens of different states. Absent complete diversity, dismissal of the case is warranted. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("When a Court's subject matter jurisdiction is dependent solely on diversity jurisdiction and the Court finds that complete diversity does not exist, the Court must dismiss the suit.") (citations omitted).

Fourth, insofar as plaintiff demands criminal prosecution of defendants, *see* Compl. at 7-8, the Court cannot grant such relief. The decision to prosecute an individual, or to decline prosecution, is left to the Executive Branch of government. *See Williams v. U.S. Dep't of Justice*, 689 F. App'x 645, 646 (D.C. Cir. 2017) (per curiam) (affirming dismissal of "complaint on the grounds that: (1) the U.S. Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution and such decisions are not subject to judicial review"); *see generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (noting that private citizens cannot compel enforcement of criminal law).

The Court will grant plaintiff's application to proceed *in forma pauperis* and dismiss the complaint and this civil action without prejudice. An Order is issued separately.

DATE: November 22, 2021                     /s/
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge